ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| GRUPO ATABAYA, LLC<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE SAN LORENZO<br><br>Recurrido | KLRA202500220 | *REVISIÓN ADMINISTRATIVA* procedente del Municipio de San Lorenzo<br><br>Caso Núm: Subasta 2023, 2024-RFP-015<br><br>Sobre: Impugnación de Adjudicación de Solicitud de Propuestas |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de junio de 2025.

Comparece Grupo Atabaya LLC (Atabaya o recurrente) vía revisión administrativa para solicitar la revocación del segundo aviso de adjudicación de la *Resolución de Cancelación de Adjudicación* emitida el 4 de noviembre de 2024. Mediante el referido dictamen, el Municipio de San Lorenzo (Municipio de San Lorenzo o recurrida) canceló una adjudicación de subasta a la parte recurrente.

Por los fundamentos que expresamos a continuación, *se confirma* la determinación recurrida.

### I.

El 23 de octubre de 2023, el Municipio de San Lorenzo emitió el aviso RF1-01-2023-2021 a fin de solicitar cualificaciones para los servicios técnicos de arquitectura, ingeniería, diseño, supervisión,

agrimensura y estudios especializados para realizar proyectos de recuperación de dicho municipio.[1]

El pliego establecía los siguientes requisitos: 1) cualificaciones y experiencia profesional o técnica; 2) historial de desempeño pasado de integridad y ética profesional; 3) capacidad para cumplir con cronogramas acelerados y entregables; 4) propuesta de costos; 5) ley de cumplimiento. Nueve compañías, incluyendo al recurrente, obtuvieron la buena pro.[2]

Posteriormente, El 22 de abril de 2024, el Municipio de San Lorenzo invitó a participar varias compañías, incluyendo al recurrente a la *Solicitud de Propuestas de Arquitectura e Ingeniera REP-2023-2024*, cuyos renglones constituían proyectos de recuperación por daños causados por los huracanes María y Fiona. En esta, participaron cuatro (4) de las compañías cualificadas: Architectural & Engineering Design Group, PSC, CEMI Engineering, Grupo Atabaya, LLC. & Vázquez Associates Ingenieros, PSC.[3]

Evaluadas las propuestas, el 1 de agosto de 2024, el Municipio de San Lorenzo emitió varias *Resoluciones*. Mediante las cuales, le adjudicó a Grupo Atabaya los renglones: 31-DI 1270624, 53 – Di 1268321, 55 – 1270623 y 56 – DI 1271324 y el 63-DI 157654.

No obstante, el 18 de octubre de 2024, el Municipio de San Lorenzo remitió una carta a Grupo Atabaya. Mediante la cual, le indicaron que luego de realizar una revisión exhaustiva y en atención a las recomendaciones proporcionadas por la Oficina del Contralor y el Departamento de Vivienda fueron descalificados del proceso de cualificación RFQ-01-2023-2024 y del proceso de licitación RFP-12-2023-2024.[4]

---

[1] Véase, Apéndice del recurrente, págs. 178-181.
[2] Íd.
[3] Íd.
[4] Véase, Apéndice del recurrente, págs. 184-185,

Insatisfechos, el 21 de octubre de 2024, el ingeniero Erie Pérez Rodríguez, representante de Grupo Atabaya, acudió a las oficinas del Municipio de San Lorenzo. El 29 de octubre de 2024, revisó e inspeccionó los expedientes RFQ-1-2023-2024 y el RFP-15-2023-2024.[5]

Entretanto, el 4 de noviembre de 2024, el Municipio notificó formalmente la *Resolución de Cancelación de Adjudicación* al recurrente. En dicha *Resolución,* el Municipio señaló que, a raíz de la investigación hecha previo al proceso de contratación, advinieron en conocimiento de varios incumplimientos contractuales por parte del recurrente a los Municipios de Santa Isabel y Utuado. Por lo cual, adujeron que, Grupo Atabaya es inelegible para continuar participando en programas financiados, en todo o en parte, con fondos federales.[6]

El 2 de abril de 2025, el Municipio notificó una enmienda, mediante la *Resolución de Cancelación de Adjudicación Enmendada.* A los efectos de añadir un renglón que, no se incluyó en la *Resolución de Cancelación de Adjudicación.* En específico, el reglón 63: DI157654. Además, añadió determinaciones de hechos y conclusiones de derechos.[7]

Inconforme con tal determinación, el 14 de abril de 2025, Grupo Atabaya incoó el presente *Recurso de Revisión Administrativa,* mediante el cual señaló que:

> Erró la Junta de Subastas del Municipio de San Lorenzo al cancelar los renglones 31- DI 1270624, 53 – 1268321,55- 1270623,56- DI 1271324 y 63 DI 157654 basándose en el subterfugio de que Grupo Atabaya incumplió sus obligaciones contractuales para con los municipios de Utuado y Santa Isabel. Esto cuando quedó claramente establecido en el referido caso de Grupo Atabaya contra el municipio de Utuado que Grupo Atabaya no incumplió de forma alguna sus obligaciones contractuales. Además, la reclamación de Grupo Atabaya con el Municipio de Santa Isabel se

---

[5] Véase, Apéndice del recurrente, pág. 191.
[6] Véase, Apéndice del recurrente, págs. 197-201.
[7] Véase, Apéndice del recurrente, págs. 202-203.

encuentra sub judice y en las cuales impugnan las actuaciones de dicho municipio al incumplir con sus obligaciones contractuales de pago.

Erró la Junta de Subastas del Municipio de San Lorenzo al negarle el acceso oportuno a Grupo Atabaya a los expedientes de las RFQ-01-2023-2024 y el RFQ-15-2023-2024, ocasionando un retra[s]o indebido que resultó en la imposibilidad de radicación de un recurso de revisión de la resolución del 4 de noviembre de 2024, lacerando así el Debido Proceso de Ley de Grupo Atabaya por lo que resulta inoficiosa la resolución de cancelación.

Erró la Junta de Subastas del Municipio de San Lorenzo al notificar una "enmienda" a la resolución de cancelación de adjudicación del 4 de noviembre de 2024, para incluir una nueva cancelación totalmente ajena a las incluida[s] en la referida resolución, saber, el renglón 63 DI 157654.

Examinado el recurso de *Revisión Judicial Administrativa*, este Tribunal emitió una *Resolución,* el 30 de abril de 2025, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición en cuanto al mismo. En cumplimiento con lo ordenado, el 23 de mayo de 2025, el Municipio de San Lorenzo presentó un documento intitulado *Moción de Desestimación por Falta de Jurisdicción.* En síntesis, alegó que la determinación final del Municipio le fue notificada al recurrente hace cinco (5) meses. Añadió que, Grupo Atabaya estuvo más que advertido de las razones por las cuales se le canceló su adjudicación y optó por no impugnar oportunamente la decisión del Municipio; por lo que, carece de jurisdicción.

**II.**

**A. Subastas**

La adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario y, por tal razón, estos procedimientos están revestidos de un gran interés público. Así pues, la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del Pueblo de

Puerto Rico. *Caribbean Communications v. Pol de PR,* 176 DPR 978, 994 (2009).

La normativa que regula las subastas en nuestra jurisdicción busca proteger los intereses del pueblo, procurando conseguir los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. Para posibilitar estos objetivos y asegurar que la adquisición de bienes por el gobierno se lleve a cabo con transparencia, eficiencia y probidad, se fomenta la libre competencia entre el mayor número posible de postores. Íd.

Tanto la subasta tradicional, como el requerimiento de propuestas (*request for proposal*) son los vehículos procesales disponibles para que el Gobierno de Puerto Rico, así como sus municipios, adquieran bienes y servicios. *PR Eco Park v. Mun.*, 202 DPR 525, 531 (2019).

Como regla general, corresponde a cada ente gubernamental ejercer su poder reglamentario para establecer el procedimiento y las guías a seguirse en sus subastas. En el caso de los municipios, tanto las subastas tradicionales, así como el requerimiento de propuestas que adjudique una Junta de Subastas municipal, están reguladas por la Ley Núm. 107-2020, 21 LPRA sec. 7001, mejor conocida como el Código Municipal, la que derogó a la antigua Ley Núm. 81-1991, conocida como la Ley de Municipios Autónomos de Puerto Rico, 21 LPRA sec. 4001 et seq, (Ley 107-2020). De igual forma le es aplicable a los municipios el Reglamento para la Administración Municipal, Reglamento Núm. 8873 del 19 de diciembre de 2016 (Reglamento Núm. 8873).

En lo pertinente, el Artículo 2.040 del Código Municipal establece que, la Junta de Subasta entenderá y adjudicará todas las subastas que sean requeridas por ley, por ordenanza municipal o

reglamento. 21 LPRA Sec. 7216. Cuando se trate de compras, construcción o suministros de servicios, el mencionado artículo establece como criterio de adjudicación el que la Junta adjudicará a favor del postor razonable más bajo. Además, tomará en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

De otra parte, la Parte II del Reglamento 8873 regula las subastas públicas municipales. Dicha parte, establece los parámetros que se utilizarán en la adjudicación de la subasta; entre ellos: que cumpla con los requisitos y condiciones de los pliegos de especificaciones cuya propuesta sea la más baja en precio o que, aunque no sea la más baja en precio, la calidad y/o garantías ofrecidas superan las demás ofertas o se justifique el beneficio de interés público de esa adjudicación.

En lo referente a la controversia que atendemos, la Sección 14 del Reglamento Núm. 8873 establece la cancelación de adjudicación. En específico, dispone que:

> [l]a Junta podrá cancelar la adjudicación antes de la formalización del contrato o de emitida la orden de compra. Sin que se entienda como una limitación, se podrá cancelar bajo las siguientes circunstancias:
>
> (a) Si el municipio ya no tiene la necesidad que originó la subasta;
> (b) Cuando por alguna causa inesperada e imprevisible, se agoten los fondos asignados para la transacción o deban utilizarse para otro propósito;
> (c) Por otras razones que beneficien el interés público.
> Esta determinación será notificada por escrito y por correo certificado con acuse de recibo, a las partes involucradas y las fianzas prestadas serán devueltas.

Sobre este particular, el Tribunal Supremo ha expresado que los organismos administrativos tienen derecho a "revocar la

adjudicación de la subasta antes de que se formalice el contrato correspondiente". *Cordero Vélez v. Mun. de Guánica,* 170 DPR 237, 248 (2007). "El fin social que persigue la facultad de rechazar las licitaciones o de cancelar la subasta una vez adjudicada es conceder cierto grado de discreción y flexibilidad que le permita al ente administrativo proteger sus intereses adecuadamente". La referida norma "reconoce esta facultad de la Junta de Subasta precisamente para evitar la posibilidad de favoritismo, descuido, extravagancia y corrupción". Íd. No obstante, nuestro máximo tribunal ha opinado que la anulación de una subasta deberá fundamentarse y expresar los beneficios de dicha actuación. *RBR Const., S.E. v. A.C.,* 149 DPR 836, 852 (2012).

**III.**

En síntesis, nos corresponde determinar si el Municipio de San Lorenzo actuó correctamente al cancelar la adjudicación de la subasta que emitió a favor de Grupo Atabaya.

Por una parte, el Municipio de San Lorenzo sostiene que el Grupo Atabaya incumplió contractualmente con los Municipios de Utuado y Santa Isabel; asunto que, lo descalifica para rendir servicios al Municipio de San Lorenzo. Por su parte, Grupo Atabaya aduce que el Municipio de San Lorenzo utiliza lo anterior como un subterfugio para cancelar la adjudicación de la subasta.

Tal cual fue esgrimido al exponer el derecho aplicable, la Sección 14 del Reglamento Núm. 8873 establece lo pertinente a la cancelación de adjudicación de subasta emitida por un municipio. En específico, dispone que: "[l]a Junta podrá cancelar la adjudicación antes de la formalización del contrato o de emitida la orden de compra. Sin que se entienda como una limitación, se podrá cancelar bajo las siguientes circunstancias: […] (3) por otras razones que beneficien el interés público".

A su vez, el Tribunal Supremo ha expresado que "una agencia tiene el derecho de revocar la adjudicación de la subasta antes de que se formalice el contrato correspondiente". Es decir, tienen discreción y flexibilidad para cancelar cuando es por el bien del uso de bienes o fondos públicos. *Cordero Vélez v. Mun. de Guánica, supra*, pág. 248.

En el presente caso, los Municipios de Santa Isabel y Utuado, cancelaron respectivamente sus contratos con Grupo Atabaya por incumplimientos crasos en el proceso de ejecución. A saber, incumplieron con los requisitos de personal calificado, retrasos significativos, problemas de calidad en los entregables y plagio en documentos claves". Hecho que, fue confirmado por la Oficina de Contralor y, por la oficina de Auditoría Interna del Departamento de Vivienda. Además, es un asunto que prohíbe su participación en otros programas financiados en todo o parte, con fondos federales.

Así pues, el Municipio de San Lorenzo, utilizó su discreción y flexibilidad para cancelar la adjudicación a Grupo Atabaya, en aras de proteger los intereses del Municipio y en beneficio del interés público; ya que, el recurrente incumplió previamente acuerdos contractuales de otros municipios. No se cometió el error señalado.

Por otra parte, Grupo Atabaya sostiene que el Municipio de San Lorenzo les negó el acceso oportuno a los expedientes de los procesos, RFQ-01-2023-2024 y el RFQ-15-2023-2024; asunto que, le ocasionó retrasos y resultó en la imposibilidad de la radicación de un recurso de revisión oportuno. No le asiste razón, veamos.

Según se desprende del expediente, el representante de Grupo Atabaya acudió a las oficinas del Municipio de San Lorenzo, el 21 de octubre de 2024, con el propósito de inspeccionar los expedientes de los procesos RFQ-01-2023-2024 y el RFQ-15-2023-2024. No obstante, se le explicó que dicha revisión debía ser solicitada por escrito. Una vez solicitados, el 24 de octubre de 2024, el Municipio

le informó que los documentos estarían disponibles para su revisión, el 29 de octubre de 2024. Así pues, ese mismo día el representante de Grupo Atabaya, se personó y revisó dichos documentos y recibió copia de estos, el 14 de noviembre 2024.

Además, el recurrente no ha demostrado que perjuicio, si alguno, le causó el retraso en el examen del expediente de subasta más allá de meras alegaciones. El recurrente advino en conocimiento de su descalificación y del motivo de esta desde la tercera semana del mes de octubre. Sin embargo, presentó el recurso de epígrafe, el 14 de abril de 2025, cinco (5) meses después de la notificación. El hecho de que, el Municipio de San Lorenzo tenga un proceso para la revisión de los documentos, no incidió en la oportuna presentación del *Recurso de Revisión Administrativa*, ni en el conocimiento de los fundamentos que persuadieron al Municipio de cancelar el contrato. En consecuencia, no se cometió el error señalado.

**IV.**

Por los fundamentos antes esbozados, *se confirma* la determinación recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones